**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**ABERDEEN DIVISION**

**GARRICK L. MILLER** **PETITIONER**

**V.** **NO. 1:26-CV-71-DMB-DAS**

**MIKE DIXON, WARDEN,**
**EAST MISSISSIPPI CORRECTIONAL**
**FACILITY** **RESPONDENT**

# ORDER

On July 9, 2026, the Court dismissed Garrick L. Miller's pro se amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, concluding that the petition was duplicative because it attacked the same revocation and reinstatement of suspended sentence regarding his possession of cocaine conviction in the Circuit Court of Chickasaw County as his earlier-filed dismissed petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in *Miller v. Johnson*, No. 1:25-cv-142 (N.D. Miss.).[1] Doc. #9.

On July 21, Miller filed a pro se motion to alter or amend the July 9 judgment pursuant to Federal Rule of Civil Procedure 59(e).[2] Doc. #11. In the motion, Miller submits that "Rule 59(e) relief is appropriate because … [t]here has been an intervening change in controlling facts," "[n]ewly discovered evidence has arisen," "[r]econsideration is necessary to prevent manifest [sic] injustice," and "[t]he judgment rests upon assumptions no longer … supported by the record." *Id.* at PageID 38. Specifically, Miller contends that "[t]he revocation now rest[s] upon conduct that has not resulted in any conviction in those dismissed proceedings." *Id.* at PageID 39. He also

---

[1] The Court explained that "[t]hough Miller's § 2241 petition in this case and his petition in the Section 2254 Case were brought under different statutory provisions, both petitions advance the same underlying arguments." Doc. #9 at 2.

[2] Miller's motion is timely since it was filed twelve days after entry of the July 9 judgment. *See* FED. R. CIV. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").

claims the revocation petition was "defective" because it "failed to specify the alleged criminal offenses" and "identify the conduct constituting the violation," "or relied on alligations [sic] that were never properly noticed," such that "[t]he revocation violated due process because [he] was not given adequate notice to prepare a defense." *Id.* at PageID 44, 45. Elaborating, Miller claims "alleged discrepancies between MDOC records and court records" and the "alleged absence of revocation entries in the general docket or minute books," pointing to cases of other criminal defendants as "systemic evidence" of such. *Id.* at PageID 39–40.

A motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e) "calls into question the correctness of a judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). "Under Rule 59(e), amending a judgment is appropriate (1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact." *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 (5th Cir. 2012) (per curiam). A Rule 59(e) motion "cannot be used to raise arguments which could, and should, have been made before the judgment issued." *T.B. ex rel. Bell v. Nw. Indep. Sch. Dist.*, 980 F.3d 1047, 1051 (5th Cir. 2020) (quoting *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863–64 (5th Cir. 2003)). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479.

While Miller's arguments regarding the dismissal of his three felony charges and alleged lack of due process were not previously asserted in this case, he did advance them in his § 2254 petition. *Miller*, No. 1:25-cv-142, at Doc. #1 at 4–5. That the Court fully addressed such claims in evaluating Miller's § 2254 petition[3] solidifies the dismissal of this case based on duplicity.

[3] *Miller*, No. 1:25-cv-142, at Doc. #50 at 17–21.

Notably, Miller does not address the Court's duplicity finding. And he fails to offer anything, much less evidence, demonstrating an intervening change in the controlling law, newly discovered evidence previously unavailable, or a manifest error of law or fact. Consequently, Miller's motion to alter or amend [11] is **DENIED**.

**SO ORDERED**, this 4th day of September, 2026.

**/s/Debra M. Brown**
**UNITED STATES DISTRICT JUDGE**